WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Dawn D Williamson,

    Plaintiff,

v.

Commissioner of Social Security Administration,

    Defendant.

No. CV-19-01803-PHX-ESW

**ORDER**

Pending before the Court is Dawn D Williamson's ("Plaintiff") appeal of the Social Security Administration's denial of her application for disability insurance benefits. Under 42 U.S.C. § 405(g), the Court has the power to enter, based upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing. Both parties have consented to the exercise of U.S. Magistrate Judge jurisdiction. (Doc. 12).

Albeit for different reasons, the parties agree that the Administrative Law Judge's ("ALJ") decision does not properly evaluate the medical opinions concerning Plaintiff's limitations. (Docs. 16, 26, 27). The Commissioner requests that the Court remand this matter for further proceedings. Plaintiff asserts that the matter should be remanded for an immediate award of benefits. In moving for remand for further proceedings, the Commissioner does not address Plaintiff's argument that the ALJ failed to provide legally valid reasons for discounting her symptom testimony. (Doc. 16 at 21-27). Plaintiff asserts

that this error alone requires remand for an award of benefits. (*Id.* at 27).

When evaluating the credibility of a plaintiff's testimony regarding subjective pain or symptoms, the ALJ must engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). In the first step, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The plaintiff does not have to show that the impairment could reasonably be expected to cause the severity of the symptoms. Rather, a plaintiff must only show that it could have caused some degree of the symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

If a plaintiff meets the first step, and there is no affirmative evidence of malingering, the ALJ can only reject a plaintiff's testimony about the severity of his or her symptoms by offering specific, clear, and convincing reasons. *Lingenfelter*, 504 F.3d at 1036. The ALJ cannot rely on general findings. The ALJ must identify specifically what testimony is not credible and what evidence undermines the plaintiff's complaints. *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010). In weighing a plaintiff's credibility, the ALJ can consider many factors including: a plaintiff's reputation for truthfulness, prior inconsistent statements concerning the symptoms, unexplained or inadequately explained failure to seek treatment, and the plaintiff's daily activities. *Smolen*, 80 F.3d at 1284; *see also* 20 C.F.R. § 404.1529(c)(4) (Social Security must consider whether there are conflicts between a claimant's statements and the rest of the evidence).

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms, but concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (A.R. 20). As discussed below, the ALJ committed harmful error in discounting Plaintiff's symptom testimony.

In explaining why he found Plaintiff's testimony not credible, the ALJ first noted

that Plaintiff ceased working because she was laid off, not because of disabling conditions. (*Id.*). A disability claimant's reason for leaving employment is a valid consideration in evaluating the claimant's symptom testimony. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001); *Page v. Colvin*, 620 F. App'x 605, 605 (9th Cir. 2015) (an ALJ may discredit a claimant's testimony by citing a claimant's nondisability reasons for leaving employment immediately preceding the alleged onset date of disability). Here, however, Plaintiff explained to the ALJ: "my boss allowed me to just answer the phones for a little while until, you know, they were about to close. He allowed me to do that because he knew the situation." (A.R. 50). The Court finds that Plaintiff's reason for leaving her last job is a valid consideration in weighing Plaintiff's symptom testimony. Yet, as explained below, the other reasons the ALJ provided for discounting Plaintiff's symptom testimony are not clear and convincing. Because the record suggests that Plaintiff's employer made significant accommodations for Plaintiff before she was laid off, the Court does not find Plaintiff's reason for leaving is a sufficient sole basis on which to discount her testimony.

As another reason for discounting Plaintiff's symptom testimony, the ALJ stated that the medical portion of the record is "somewhat sparse, which undermines the claimant's disability claim to some degree because one would expect such an individual to have obtained more extensive treatment for conditions which are allegedly disabling." (A.R. 21). Although an ALJ may consider a lack of objective evidence as one element in his or her analysis, a claimant's testimony of disabling symptoms cannot be discredited "merely because [it is] unsupported by objective evidence." *See Lester*, 81 F.3d at 834; *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) ("[O]nce the claimant produces objective medical evidence of an underlying impairment, [the ALJ] may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain."). Further, "the fact that treatment may be routine or conservative is not a basis for finding subjective symptom testimony unreliable absent discussion of the additional, more aggressive treatment options the ALJ believes are available." *Moon v. Colvin*, 139 F.Supp.3d 1211, 1220 (D. Or. 2015) (citing *Lapeirre–*

*Gutt v. Astrue*, 382 F. App'x 662, 664 (9th Cir. 2010)) ("A claimant cannot be discredited for failing to pursue non-conservative treatment options where none exist."). The Court finds that the ALJ's second reason for discounting Plaintiff's symptom testimony does not satisfy the specific, clear, and convincing standard.

> The ALJ's decision also states that:
>> In terms of activities of daily living, the claimant complained of continuing significant impacts on activities of daily living due to her multiple medical conditions. She is able to complete self-care activities including meals, hygiene, and light housework, but she said these tasks are progressively difficult due to her multiple medical conditions and that they take an extended period of time to complete. She is not confined to bed and admits to frequent difficulties sleeping due to her multiple medical conditions. She does hold a valid Arizona driver's license and states that she has not driven a vehicle since September 2017 due to poor visual acuity. She states that she no longer has any hobbies in which she participates. Despite her alleged restrictions, elsewhere in the record the claimant reported taking care of her elderly mother (B8A/10, B8E). In December 2017, the claimant reported that she planned on visiting her husband in Jamaica, which suggests her restrictions and limitations are less disabling than alleged (B24F/2).

(A.R. 21). "[D]isability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick*, 157 F.3d at 722. The ALJ's decision does not adequately explain how Plaintiff's daily activities translate to the ability to sustain competitive employment on a full-time basis. *See Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) (stating that the Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day"). For the above reasons, the Court finds that the ALJ committed harmful legal error in discounting Plaintiff's symptom testimony.

Ninth Circuit jurisprudence "requires remand for further proceedings in all but the

rarest cases." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014). The Ninth Circuit has adopted a test to determine when a case should be remanded for payment of benefits in cases where an ALJ has improperly rejected claimant testimony or medical opinion evidence. *Id.* at 1100-01; *Garrison*, 759 F.3d at 1020. This test is commonly referred to as the "credit-as-true" rule, which consists of the following three factors:

    1. Has the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion? *Treichler*, 775 F.3d at 1100-01.

    2. Has the record been fully developed, are there outstanding issues that must be resolved before a disability determination can be made, or would further administrative proceedings be useful? *Id.* at 1101. To clarify this factor, the Ninth Circuit has stated that "[w]here there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Id.*

    3. If the improperly discredited evidence were credited as true, would the ALJ be required to find the claimant disabled on remand? *Id.*; *Garrison*, 759 F.3d at 1020.

Where a court has found that a claimant has failed to satisfy one of the factors of the credit-as-true rule, the court does not need to address the remaining factors. *Treichler*, 775 F.3d at 1107 (declining to address final step of the rule after determining that the claimant has failed to satisfy the second step). Moreover, even if all three factors are met, a court retains the discretion to remand a case for additional evidence or to award benefits. *Id.* at 1101-02. A court may remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021. In *Treichler*, the Ninth Circuit noted that "[w]here an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency." 775 F.3d at 1105.

It is appropriate to remand this matter to the Commissioner for further proceedings as the record creates a serious doubt as to whether Plaintiff suffers from impairments that

would preclude her from working. For instance, certain medical records indicate that Plaintiff's asthma is well-controlled with Singulair. (A.R. 423, 554). A June 13, 2017 record states that Plaintiff is "doing well . . . She has been walking daily. Just got married in Jamaica. . . . Current symptoms: The patient is experiencing no shortness of breath, no paroxysmal nocturnal dyspnea, no orthopnea and no pedal edema. The patient has no new complaints." (A.R. 479). Numerous other records indicate a lack of disabling symptoms. (*See, e.g.*, 532, 535, 539, 543, 555-56, 584-85). Accordingly,

**IT IS ORDERED** reversing the decision of the Commissioner of Social Security and remanding for further administrative proceedings. The ALJ shall issue a new decision that is consistent with applicable law. The ALJ, however, is not precluded from reopening the hearing to receive additional evidence if deemed appropriate.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly.

Dated this 28th day of January, 2020.

Honorable Eileen S. Willett
United States Magistrate Judge